IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRENT B. GOLDEN,            )
                            )
            Petitioner,     )
                            )
      vs.                   )      Case No. CIV-13-395-M
                            )
RICK FORD,                  )
                            )
            Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States Chief District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a motion to dismiss and brief in support, Docs. 10, 11, and Petitioner responded, Doc. 13. The undersigned has reviewed all of the pleadings and recommends that the petition be dismissed.

**I.    Background.**

In January 2011, a jury convicted Petitioner of distribution of a controlled dangerous substance in Pottawatomie County District Court, Case No. CF-2010-171. Doc. 1, at 1.[1] Judgement was entered on February 14, 2011,[2] and

---

[1]    All page citations refer to the Court's CM/ECF pagination.

[2]    The judgment was signed on February 10, 2011, but not file-stamped
(continued...)

Petitioner was sentenced to twenty-years' imprisonment. Doc. 12, Ex. 1 at 1. Petitioner did not file a direct appeal; instead, he sought a writ of habeas corpus in this Court, Case No. CIV-11-273-M. Doc. 1, at 3; *see also* Case No. CIV-11-273-M, Doc. 1. The Court dismissed the petition without prejudice on July 1, 2011, for non-exhaustion of state court remedies. *See* Case No. CIV-11-273-M, Docs. 14, 15.

On May 2, 2011, while his federal case was still pending, Petitioner filed an application for post-conviction relief in the state court. Doc. 12, Ex. 2. The district court denied relief, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on August 30, 2011. *Id.* Ex. 4 at 1-2.

In September 2011, Petitioner filed a second application for post-conviction relief seeking permission to file a direct appeal out of time. Doc. 1, at 2; Doc. 12, Ex. 5. The state court again denied relief, and the OCCA affirmed on March 1, 2012.[3] Doc. 1, at 2; Doc. 12, Ex. 9 at 1-2. During the course of those proceedings, Petitioner also filed a motion for sentence modification on January 30, 2012,

---

[2](...continued)

until February 14, 2011. Doc. 12, Ex. 1 at 1-2. For Petitioner's benefit, the undersigned has used the later date.

[3] The OCCA's decision shows that it was witnessed on March 1, 2011. Doc. 12, Ex. 5 at 2. The reference to the year 2011 rather than 2012 is clearly a scrivener's error.

2

which the state court denied on February 3, 2012. Doc. 12, Exs. 7, 8.

Then on March 9, 2012, Petitioner filed a writ of habeas corpus with the OCCA. *Id.* Ex. 10. The state appellate court declined jurisdiction on grounds that Petitioner had not first sought relief in the state district court. *Id.* Ex. 11. Thereafter, on April 10, 2012, Petitioner filed a motion in the state district court entitled "Motion for False Imprisonment, False Arrest, Malicious Prosecution." *Id.* Ex. 12. The Pottawatomie County District Court denied the motion, and the OCCA declined jurisdiction over the appeal on grounds that it was filed out of time. *Id.* Exs. 13, 15.

On April 22, 2013,[4] Petitioner filed the instant petition. Doc. 1.

## II. The untimeliness of Petitioner's claims.

Respondent seeks dismissal based on the expiration of the statute of limitations. Docs. 11, 12. The undersigned agrees that the claims are untimely.

The petition is subject to a one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock begins to run

---

[4] Petitioner did not sign his petition or provide a date on which the petition was given to prison officials for filings. *See* Doc. 1, at 14. Thus, the undersigned has been unable to apply the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (holding that where petitioner did not sufficiently allege use of the legal mail system, he had "not met his burden to establish his entitlement to the benefit of the mailbox rule" and petitioner's complaint was therefore "'filed' when it was received by the court").

3

in relevant part when the action becomes final. *See* 28 U.S.C. § 2244(d)(1)(A).[5]

As noted above, Petitioner did not file a direct appeal. Thus, his conviction became final ten days after the judgment and sentence was entered – February 24, 2011. *See United States v. Christensen*, 456 F.3d 1205, 1207 (10th Cir. 2006) ("Because Mr. Christensen did not pursue a direct appeal of his state conviction, that conviction became final 10 days after . . . the date judgment was entered . . . .") (citation omitted)); *see also Pfeil v. Everett*, 9 F. App'x 973, 977 (10th Cir. 2001) (cautioning that where petitioner did not file a direct appeal, "the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final"). Thus, without tolling, Petitioner's statute of limitations expired on February 25, 2012.

**A.  Statutory tolling.**

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2).

As mentioned, Petitioner's first challenge to his conviction was filed in this Court. However, a petition for federal habeas relief is not a petition for

---

[5]   In his response, Petitioner notes that the statute of limitations may alternatively begin to run on the date that a constitutional right asserted was initially recognized by the Supreme Court. Doc. 13, at 1. But Petitioner does not suggest that this running date actually applies to his case.

4

collateral review in state court and does not serve to toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, Petitioner's first pleading which served to toll his limitations period was his application for post-conviction relief filed in state court on May 2, 2011. The OCCA affirmed the denial of that relief on August 30, 2011, and Petitioner's statute of limitations was tolled for 121 days, or until June 25, 2012.

Petitioner then filed a second application for post-conviction relief on September 14, 2011, and the OCCA affirmed the denial of relief on March 1, 2012. This added another 170 days to Petitioner's statute of limitations, extending the deadline until December 12, 2012.

Next, Petitioner filed a motion for sentence modification on January 30, 2012, which the district court denied on February 3, 2012. However, those five days were subsumed in the pendency of his second application for post-conviction relief and do not further toll the limitations period. *See Mills v. McKune*, 186 F. App'x. 828, 830-31 (10th Cir. 2006) (holding that petitioner was not entitled to statutory tolling for days which were subsumed by another tolling period).

On March 9, 2012, Petitioner filed a writ of habeas corpus with the OCCA; however, the state appellate court declined jurisdiction because Petitioner had not first sought relief in the district court as required by state law. Because this state court pleading was not "properly filed," Petitioner is not entitled to any

statutory tolling during its pendency. *See* 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining "properly filed" as complying with state procedural requirements).

Finally, Petitioner filed a "Motion for False Imprisonment, False Arrest, Malicious Prosecution" in the district court on April 10, 2012. That motion, ultimately deemed an application for post-conviction relief, *see* Doc. 12, Ex. 15, was denied twenty-three days later. *Id.* Ex. 13. Petitioner's appeal was dismissed for want of jurisdiction on September 25, 2012, because it was filed out of time. *Id.* Ex. 15. Thus, Petitioner is not entitled to tolling during the time the appeal was pending. However, Petitioner is entitled to tolling for the thirty days in which he could have properly filed an appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that a petitioner is entitled to tolling for the thirty days in which he could have properly filed an appeal from the denial of post-conviction relief); *see also Brush v. Higgins*, No. CIV-07-1196-HE, 2007 WL 4287615, at *1, *4 (W.D. Okla. Dec. 5, 2007) (unpublished order) (adopting magistrate judge's finding that petitioner was not entitled to tolling for the time spent in an untimely appeal attempt but should be granted tolling for the thirty days in which he could have timely and properly appealed the denial of post-conviction relief). With the addition of these fifty-three days, Petitioner's statute

of limitations was extended to February 4, 2013.[6]

## B. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 2562; *Gibson*, 232 F.3d at 808 (Equitable tolling is available only in "'rare and exceptional circumstances.'") (citation omitted). Examples of when equitable tolling would be appropriate include: (1) actual innocence, (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing," or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808.

In his only intelligible claim to equitable tolling, Petitioner says his "mental illness between April-23-1996 and May-16-2000 (when he filed his first state habeas) constitutes the kind of extraordinary circumstances beyond his control making filing impossible for which equitable tolling is available." Doc.

---

[6] With fifty-three additional days of tolling, Petitioner's deadline would have fallen on Sunday, February 3, 2013. Accordingly, he would have had until the following Monday, February 4, 2013, in which to file the habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

7

13, at 4. The undersigned assumes that Petitioner meant to reference May 2012, rather than May 2000; regardless, his argument is unpersuasive.

"[E]quitable tolling because of mental illness is only warranted in circumstances such as adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing [his] own claim because of mental incapacity." *Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir. 2009) (citations and internal quotations omitted). Here, there is no evidence that Petitioner has been adjudicated incompetent or has been institutionalized for his alleged mental illness. Further, since his conviction in February 2011, Petitioner has filed approximately seven different pleadings attacking his state court conviction. This demonstrates an ability to pursue the claims despite any mental illness and the undersigned finds that equitable tolling is not warranted on this ground. *See id.*

C. **Summary.**

With all the available tolling, Petitioner's statute of limitations expired on February 4, 2013.

III. **Recommendation and notice of right to object.**

The statute of limitations for Petitioner's claims expired on February 4, 2013, and his petition was not filed until April 22, 2013. Thus, the undersigned Magistrate Judge recommends that Respondent's motion to dismiss be granted,

8

and the petition dismissed with prejudice.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 28th day of June, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE